

Eric S. Aronson
EAronson@crowell.com
(212) 590-5428 direct

Crowell & Moring LLP
Two Manhattan West
375 9th Avenue
New York, NY 10001
+1.212.223.4000  main
+1.212.223.4134  fax

**VIA ECF**

January 14, 2026

Honorable Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Farrell v. Sig Sauer, Inc.*, Case No. 1:25-cv-05701-NCM-LKE

Dear Judge Merle:

We represent Defendant Sig Sauer Inc. ("Sig Sauer"). Pursuant to Rule 3(A) of Your Honor's Individual Practice Rules, we write to request a pre-motion conference regarding the filing of a motion to dismiss Plaintiff's Complaint, which is deficient as a matter of law. Set forth below are the bases for Sig Sauer's anticipated motion. The parties have conferred and respectfully and jointly propose that Sig Sauer's motion be due February 23, 2026, Plaintiff's opposition March 9, 2026, and Sig Sauer's reply March 16, 2026.

## **Background**

This is a claim for economic injury only. Plaintiff, on behalf of himself and a putative New York class, asserts claims under New York's General Business Law ("GBL") Sections 349 and 350 for alleged misrepresentations and omissions that are premised on the existence of an alleged "Defect" in Sig Sauer's P320 pistol. Complaint ("Compl.") ¶¶ 97–127 (ECF No. 1). Plaintiff's defined "Defect" is the combination of three components that allegedly make the P320 "unreasonably dangerous for its anticipated use": "(1) the P320 is effectively fully energized and ready to fire the instant that a round is chambered; (2) the P320 has a minimal trigger pull because it is short and lightweight; and (3) the P320 lacks any external safety features." *Id.* ¶¶ 18–19. This very specific defect theory was first concocted by these same Plaintiff's counsel in 2024 during an earlier false advertising case against Sig Sauer. *See Glasscock v. Sig Sauer, Inc.*, No. 6:22-cv-03095-MDH (W.D. Mo.), Mot. for Class Cert. ¶ 24 (ECF No. 121). The Complaint alleges that that Sig Sauer failed to disclose the alleged "Defect" to Plaintiff and other consumers and misrepresented the P320 as "safe" on its website. Compl. ¶¶ 18–19.

Plaintiff alleges that in 2022, after reviewing Sig Sauer's website, he purchased a P320 with an external trigger guard and without an optional manual safety which is available at no additional charge. *Id.* ¶¶ 2–4. Plaintiff does not identify any specific marketing statement that he reviewed prior to purchasing his P320. He alleges that he suffered economic injury by overpaying for his P320, *id.* ¶¶ 82, 111, 125, but does not allege that his product ever manifested the alleged "Defect" or failed to function as intended, that he attempted to resell or sold his firearm at a reduced



price, or that he has ceased using it.

## Legal Grounds for Dismissal

### I.   Plaintiff's own allegations confirm the alleged "Defect" does not exist in the P320.

Plaintiff's asserted claims fail because the pleadings confirm that the alleged "Defect" does not exist. A necessary component of the alleged "Defect" is the absence of "any external safety features" in the P320. *Id.* ¶ 19. Yet Plaintiff's allegations define "external safety feature" to include a "trigger guard" *id.* ¶ 23 and include pictures plainly showing that <u>every P320 features a trigger guard</u>, *id.* ¶ 11.[1] The P320 therefore was not defectively designed as alleged. "The Court is not required to accept factual allegations that are demonstrably false." *Werner v. Selene Fin., LLC*, No. 17-cv-06514 (NSR), 2019 WL 1316465, at *2 n.6 (S.D.N.Y. Mar. 22, 2019).

### II.   Plaintiff fails to allege that he suffered any actual injury.

New York courts dismiss GBL §§ 349 and 350 claims where, as here, the alleged defect has not manifested in Plaintiff's product and Plaintiff does not otherwise allege any facts supporting his claim for economic damages. *See Frank v. Daimler Chrysler Corp.*, 292 A.D.2d 118 (N.Y. App. Div., 1st Dept. 2002) (affirming dismissal of GBL §§ 349 and 350 claims where plaintiffs' cars did not manifest the defect and plaintiffs did not allege any attempts to sell vehicles at a loss); *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 429 (S.D.N.Y. 2017), *modified on reconsideration,* 2017 WL 344623 (S.D.N.Y. Aug. 9, 2017) ("[Plaintiff's] Section 349 claims are subject to dismissal because New York law requires a manifested defect for a plaintiff to recover on any claim and its vehicles did not manifest any of the alleged defects."). Speculative allegations that an alleged defect could potentially manifest in the future are insufficient. *See Frank*, 292 A.D.2d 122–28 (allegations of "hypothetical malfunction" that might cause injury could not sustain GBL claims); *Statler v. Dell, Inc.*, 775 F. Supp. 2d 474, 485 (E.D.N.Y. 2011) (allegation that defective computer capacitors could potentially leak did not adequately plead an injury or damages for GBL § 349 claim).

### III.   Plaintiff fails to plead causation under GBL §§ 349 and 350.

While the Complaint alleges supposedly misleading marketing statements on Sig Sauer's website and social media accounts in 2024 and 2025, *see* Compl. ¶¶ 62–65, 79–81, Plaintiff fails to identify any specific statement he saw prior to his 2022 purchase. As a result, Plaintiff fails to adequately allege that a deceptive act caused his injury. *See Gale v. Int'l Bus. Machines. Corp.*, 9 A.D.3d 446, 447 (N.Y. App. Div. 2d Dept. 2004) (plaintiff's Section 349 and 350 claims failed absent allegations that he saw any of the specific misleading statements cited before purchasing the product). Plaintiff's vague allegation that he "reviewed Sig Sauer's website prior to purchase and saw Sig Sauer's representations concerning the safety of the P320," *see id*. ¶ 4, does not suffice. *See Lin v. Canada Goose US, Inc.*, 640 F. Supp. 3d 349, 360–61 (S.D.N.Y. 2022)

---

[1] A trigger guard is a protective loop around a firearm's trigger, which prevents the gun from being fired accidentally. *See* https://www.merriam-webster.com/dictionary/trigger%20guard (accessed Jan. 2, 2026) (defining trigger guard as a "a semicircular band of metal that encloses vertically the trigger of a firearm."); *see also* https://www.sigsauer.com/glossary/trigger-guard/ (accessed Jan. 2, 2026) (identifying the trigger guard on a P320). The Court may take judicial notice of the contents of Sig Sauer's public website, which Plaintiff references throughout the Complaint. *See Lee v. Springer Nature Am., Inc.*, 769 F. Supp. 234, 247 (S.D.N.Y. Mar. 4, 2024).

Case 1:25-cv-05701-NCM-LKE   Document 11   Filed 01/14/26   Page 3 of 3 PageID #: 58



("Without allegations that Plaintiff actually saw the representations at issue, the NY GBL § 349 fails."); *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 305–06 (N.D.N.Y. 2019) ("It is not clear from her vague references to 'marketing materials' and 'representations regarding the Class Vehicle' whether Plaintiff had seen none, some, or all of the more specifically discussed representations included later in her Complaint.") (citation omitted).

IV. **Plaintiff fails to adequately allege his omission-based claim.**

Plaintiff fails to plead facts demonstrating that Sig Sauer alone possessed knowledge of the alleged "Defect" before Plaintiff's 2022 purchase. *See Paradowski v. Champion Petfoods USA, Inc.*, No. 22-962-cv, 2023 WL 3829559, at *2 (2d Cir. June 6, 2023) (A "plaintiff bringing an omission-based claim for [GBL] § 349 liability" must plausibly plead that "the business alone possesses material information that is relevant to the consumer and fails to provide this information, or that plaintiffs could not reasonably have obtained the relevant information they now claim the defendant failed to provide") (quotations omitted). To the contrary, Plaintiff's allegations show that the P320's design features, as well as the articles and lawsuits supposedly evidencing Sig Sauer's knowledge of the alleged "Defect," Compl. ¶¶ 49–70, were in the public domain, and do not relate to the "Defect". In addition, many of Plaintiff's allegations concern events after Plaintiff's purchase or relate to separate issues, such as purported "drop fire" incidents, which are irrelevant. None of the alleged bases for Sig Sauer's supposed knowledge of the "Defect" concern the specific three-part "Defect" theory Plaintiff's counsel asserted for the first time in 2024 (long after Plaintiff purchased his P320) in a separate litigation. The "Defect" asserted in this action was not asserted anywhere else prior to 2024.

V. **The alleged statements concerning "safety" are non-actionable puffery.**

Generalized statements regarding a product's quality, reliability, or safety—when not tied to objective facts—are non-actionable puffery. *See Kommer v. Ford Motor Co.*, No. 17-cv-296[LEK][DJS], 2017 WL 3251598, at *3 (E.D.N.Y. July 28,2017) (defendant's "Built Ford-Tough" slogan are non-actionable puffery); *Feliciano v. Gen. Motors LLC*, No. 14 Civ. 06374, 2016 WL 9344120, at *3 (S.D.N.Y. Mar. 31, 2016) (statements that vehicle was "safe," "reliable," and offered "more for your money" are puffery); *Hubbard v. Gen. Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at *7 (S.D.N.Y. May 22, 1996) (statements that vehicles are "like a rock", "popular", and "dependable" are puffery). Plaintiff vaguely alleges he saw "safety" representations on Sig Sauer's website, Compl. ¶ 4, but the only such representations alleged in the Complaint (which Plaintiff does not specifically allege he reviewed) are the kinds of generalized marketing statements that cannot support Plaintiff's GBL claims: e.g., "SAFETY WITHOUT COMPROMISE" and "Safety isn't negotiable. The P320 maximizes peace of mind with a robust safety system." *Id.* ¶¶ 62–63, 80. Moreover, the clear context for the alleged "safety" statements is that P320 purchasers need not pull the trigger to disassemble their pistols. *Id.* ¶ 80. These are not misleading objective statements of fact and are not actionable under §§ 349 and 350.

Respectfully submitted,

*/s/ Eric S. Aronson*
Eric S. Aronson

c.c.: Counsel of Record (via ECF)

3